UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

TAYARI JACKSON,

                          Plaintiff,

    v.                                                    9:17-CV-0968
                                                               (GLS/ATB)

DR. ANN E. LORICCHOANDOLA et al.,

                          Defendants.

---

APPEARANCES:

TAYARI JACKSON
05-A-3537
Plaintiff, pro se
Eastern NY Correctional Facility
Box 338
Napanoch, NY 12458

GARY L. SHARPE
Senior United States District Judge

## DECISION AND ORDER

### I.    INTRODUCTION

Pro se plaintiff Tayari Jackson commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision(DOCCS) at Eastern Correctional Facility ("Eastern C.F."). *See* Dkt. No. 1 ("Compl."). By Decision and Order filed on October 12, 2017 (the "October Order"), this Court granted Plaintiff's IFP application and reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No.9.

1

On the basis of that review, the Court dismissed the Complaint for failure to state a claim upon which relief could be granted.[1]  *Id.*  In light of his pro se status, Plaintiff was afforded an opportunity to submit an Amended Complaint.  *See id.* at 15.  Presently before the Court is Plaintiff's Amended Complaint.  Dkt. No. 12 ("Am. Compl.").

## II.     LEGAL STANDARD

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. §1915A(b) was discussed at length in the October Order and it will not be restated in this Decision and Order.  *See* Dkt. No. 9 at 2-4.  The Court will construe the allegations in the Amended Complaint with the utmost leniency.  *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that a pro se litigant's complaint is to be held "to a less stringent standards than formal pleadings drafted by lawyers.").

## III.    OCTOBER ORDER and SUMMARY OF AMENDED COMPLAINT[2]

In the original Complaint, Plaintiff asserted claims for violations of his Eighth and Fourteenth Amendment rights.  *See generally* Compl.  In the October Order, the Court dismissed all claims against defendants Grievance Supervisor Anthony Black, Superintendent William Lee, Grievance Sergeant Berndt Leifeld, and Nurse K. Faulkner because the Complaint lacked facts suggesting that the defendants were personally involved in conduct that violated Plaintiff's constitutional rights.  *See* Dkt. No. 9 at 6-7.  The Court dismissed the Equal Protection claims and Plaintiff's Eighth Amendment claims against

---

[1] The Court also denied Plaintiff's motion for appointment of counsel.  *See* Dkt. No. 9 at 15.

[2] The Amended Complaint includes exhibits. Dkt. No. 12-1. To the extent that the exhibits are relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (holding that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

defendants Nurse Lola Romano, Nurse Karen Singh, Nurse Karen Whipple, Inna Blinova, Dr. Ann E. Loricchoandola, Dr. Mikhail Gusman, Dr. Mueller, and Nurse Cheryl Terwilliger. *See id.* at 7-11. The Court also held that Plaintiff failed to plead a cause of action under the Americans with Disabilities Act (ADA) against defendant Deputy of Programs Cheryl Morris. *See id.* at 12-13.

In the Amended Complaint, Plaintiff claims that prior to arriving at Eastern C.F., he was prescribed medication for neck and back pain. Am. Compl. at 7. Upon arriving at the facility, Loricchoandola[3] did not review Plaintiff's medical file and Mueller and Faulkner refused to provide the medication. *Id.* As a result, Plaintiff suffered from constant neck and back pain. *Id.*

On December 21, 2016, Plaintiff sent a letter to the Nurse Administrator complaining that he attended sick call several times for knee pain, but had not seen a doctor. Dkt. No. 12-2 at 3. Plaintiff received a response indicating that he met with Loricchoandola on October 31, 2016 and that x-rays and blood work were normal. *Id*. Plaintiff's repeated requests for an MRI were denied, but he received physical therapy for right knee pain. Am. Compl. at 7. Plaintiff sent a letter to Morris seeking a reasonable accommodation because he was unable to climb the stairs to participate in normal activities. *Id.* Morris did not acknowledge Plaintiff's request and asked him to complete a form that did not exist at Eastern C.F. *Id.*

On December 27, 2016, Plaintiff was admitted to the infirmary for complaints related

---

[3] In the caption and list of parties, Plaintiff identifies this defendant as "Dr. Ann E. Loricchoandola." Am. Compl. at 1, 2. In the Statement of Facts and Claims, Plaintiff refers to this defendant as "Dr. Andola." *See id.* at 5. The Court will refer to the defendant as she is identified in the caption.

to abdominal pain, vomiting, and diarrhea. Am. Compl. at 5. Plaintiff told Terwilliger that he was in "extreme pain" and could not lay down. *Id.* Despite Terwilliger's assurance that she would contact a doctor, Plaintiff was in pain for the rest of the evening. *Id*. Plaintiff remained in the infirmary for two weeks, during which his bowel movements were restricted and he was unable to defecate for days. *Id*. Plaintiff's complaints to Gusman and Whipple were ignored while another inmate, who was housed in the same room, was treated for the same complaints. Am. Compl. at 5. Plaintiff reported a family history of kidney stones to Whipple and Loricchoandola. *Id*. Whipple stated, "there are other organs" and "it can be anything." *Id*. On December 28, 2016, Plaintiff underwent a blood test. Dkt. No. 12-1 at 7.

On January 2, 2017 and January 4, 2017, Plaintiff wrote a grievance complaining that his Eighth Amendment rights were violated by Terwilliger, Loricchoandola, and Gusman. Dkt. No. 12-1 at 4. After an investigation, it was determined that, in December 2016 and January 2017, Plaintiff underwent stool tests, blood work, a Barium Esophagogram, x-rays, and urinalysis. Dkt. No. 12-1 at 5. On March 6, 2017, Lee acknowledged that all of the aforementioned tests were "normal" and denied Plaintiff's grievance. *Id*.

On January 17, 2017, Plaintiff underwent a urinalysis and blood test that revealed blood in his urine. Am. Compl. at 6; Dkt. No. 12-1 at 1. On January 24, 2017, Plaintiff was seen at emergency sick call for complaints of "chronic kidney pain." *Id.* Romano was "unprofessional" and refused to provide any medical treatment stating that the blood in Plaintiff's urine could be the result of masturbation. *Id*. Romano said she would leave Plaintiff's medical folder for Loricchoandola and indicated that Plaintiff would be examined on the following Wednesday. Am. Compl. at 6. Plaintiff was not examined by Loricchoandola

4

and despite his repeated complaints of kidney pain, he did not receive treatment. *Id.*

On March 7, 2017, at 3:30 P.M., Plaintiff was unable to stand due to extreme kidney pain. Am. Compl. at 6. With the assistance of another inmate, Plaintiff walked to the clinic. *Id*. Plaintiff was examined by Gusman and immediately transported to the hospital. *Id.* At the hospital, Plaintiff underwent a CT scan that revealed kidney stones. *Id.* Plaintiff was prescribed pain medication. Am. Compl. at 6.

When Plaintiff returned to the facility, he was taken to the infirmary. Am. Compl. at 6. The medication and directions forwarded from the hospital were ignored and Plaintiff received Percoset for his pain. *Id*. The pain medication further impaired his ability to move his bowels. *Id.* A day or so after he returned from the hospital, Plaintiff complained to Blinova that he had not passed the kidney stone and that "large amounts of blood" were in his urine. *Id*. Blinova asked Plaintiff for a urine sample. Am. Compl. at 6. Plaintiff complied and presented a "see through container" with urine that was the color of "amber red" or "apple cider." *Id*. Plaintiff told Blinova that she must "assume" that blood was floating due to the color of his urine and Blinova became "mad" and asked Gusman to discharge Plaintiff from the infirmary. *Id*.

Construing the Amended Complaint liberally, Plaintiff asserts the following: (1) Eighth Amendment claims related to deliberate indifference to his serious medical needs; (2) Fourteenth Amendment Equal Protection claim against Morris; and (3) an ADA claim against Morris.[4] *See generally* Am. Compl. Plaintiff seeks monetary damages. *See id.* at 8.

## V.   ANALYSIS

---

[4] The Amended Complaint does not contain any claims against Black, Lee, or Leifeld.

5

### A. Claims Against Singh and Faulkner

The law related to personal involvement in a section 1983 action was discussed in the October Order and will not be restated herein. *See* Dkt. No. 9 at 6-7. As discussed in the October Order, Plaintiff's claims against Singh and Faulkner were dismissed due to the "absence of factual allegations sufficient to plausibly suggest that . . . defendants were personally involved in conduct that violated plaintiff's constitutional rights." *Id.* at 7.

In the Amended Complaint, Plaintiff names Singh as a defendant in the caption and list of parties, (*see* Am. Compl. at 1, 4), but does not reference her anywhere in the body of the Amended Complaint. For the reasons set forth in the October Order, Plaintiff's claims against Singh are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

Additionally, while Plaintiff was afforded the opportunity to amend, the Amended Complaint fails to correct the deficiencies in Plaintiff's Eighth Amendment claim against Faulkner. In the Amended Complaint, Plaintiff summarily states that Faulkner "enforc[ed] rules pertaining to taking medication that [sic] are not prescribed and burden some [sic]." Am. Compl. at 7. This conclusory statement does not suggest that Faulkner was personally involved in any constitutional violation related to Plaintiff's Eighth Amendment rights. For the reasons set forth in the October Order, Plaintiff's claims against Faulkner are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### B. Eleventh Amendment

In the Amended Complaint, Plaintiff seeks monetary damages against defendants in

their official capacities. *See* Am. Compl. at 1. The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." U.S. Const. amend. XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana,* 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho,* 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman,* 465 U.S. 89, 100 (1984). Eleventh Amendment immunity is lost only if Congress unequivocally abrogates states' immunity or a state expressly consents to suit. *Gollomp v. Spitzer*, 568 F.3d 355, 365-66 (2d Cir. 2009). It is well-settled that Congress did not abrogate states' immunity through 42 U.S.C. § 1983, *see Quern v. Jordan*, 440 U.S. 332, 343-45 (1979), and that New York State has not waived its immunity from suit on the claims asserted in plaintiff's complaint. *See generally Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38-40 (2d Cir. 1977); *Dawkins v. New York*, No. 93-CV-1298 (RSP/GJD), 1996 WL 156764 at *2 (N.D.N.Y. 1996). Actions for damages against a state official in his or her official capacity are essentially actions against the state. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989).

Plaintiff's claims for money damages pursuant to Section 1983 against defendants in their official capacities (*see* Am. Compl. at 1) are barred by the Eleventh Amendment and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

**C.     Eighth Amendment**

The law related to the Eighth Amendment was discussed in the October Order and will

not be restated herein.  *See* Dkt. No. 9 at 7-9.

### 1. Claims Related to Back, Neck, and Knee Pain

In the October Order, the Court dismissed Plaintiff's Eighth Amendment claims related to his back, neck, and knee pain because Plaintiff failed to plead facts suggesting that defendants were deliberately indifferent when they refused to schedule surgery and discontinued medicine.  The Court held that, "at most these errors constitute negligence or medical malpractice, which are not actionable under § 1983."  Dkt. No. 9 at 10.

In the Amended Complaint, Plaintiff has failed to plead facts suggesting that he suffered from a serious medical need related to his back, neck or knee.  "A medical need is considered serious if it presents 'a condition of urgency that may result in degeneration or extreme pain.'"  *Linares v. Kudlack*, No. 03-CV-1408 (LEK), 2007 WL 4287700, at *5 (N.D.N.Y. Dec. 4, 2007) (quoting *Chance*, 143 F.3d at 702).  Plaintiff claims that he suffered from back, neck, and knee pain, but the Amended Complaint lacks facts related to what his physical or medical condition was or, further, that it produced pain.

Even assuming Plaintiff pleaded facts to satisfy the objective standard, to successfully plead an Eighth Amendment claim, he must allege facts suggesting that defendants acted with the necessary culpable state of mind.  In the Amended Complaint, Plaintiff asserts that Mueller discontinued his medication, Loricchoandola failed to review his medical file, and that defendants refused to order an MRI or refer him to a specialist.  *See* Am. Compl. at 7; Dkt. No. 12-1 at 3.  These conclusory allegations, without more, fail to plead sufficiently culpable recklessness.  Plaintiff admits that he received physical therapy and x-rays and does not allege that any defendant ignored any specified medical need.  Plaintiff's dispute is nothing

8

more than a quarrel with the nature of his treatment. *See Wright v. Conway*, No. 05-CV-6723, 584 F.Supp.2d 604, 607 (W.D.N.Y. Nov. 5, 2008) ("[the plaintiff's] complaints demonstrate no more than his personal dissatisfaction with the level of care that he received, and these claims must therefore be dismissed."). Even assuming Plaintiff's allegations to be true, "[i]nmates do not have a right to choose a specific type of treatment." *Veloz v. New York*, 339 F.Supp.2d 505, 525 (S.D.N.Y. 2004). A professional decision not to administer a specific medical test, regardless of a prisoner's disagreement, is an example of the type of medical judgment that is given judicial deference. *See Curtis v. Williams*, No. 11 Civ. 1186, 2013 WL 1915447, at *7 (S.D.N.Y. May 9, 2013); *see also Echevarria v. Canfield*, No. 12-CV-129A, 2014 WL 174109, at *4 (W.D.N.Y. Jan 13, 2014) (the refusal to order an MRI of plaintiff's back does not amount to deliberate indifference). As a result, Plaintiff's Eighth Amendment claims related to his back, neck, and knee pain are dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) and 28 U.S.C. § 1915A(b).

### 2. Claims Related to Abdominal and Kidney Pain

In the October Order, the Court dismissed Plaintiff's Eighth Amendment claims related to his abdominal and kidney pain holding that:

> The Complaint lacks facts related to when Plaintiff requested treatment, the frequency of said requests, and defendants' response, if any, to his requests. The facts do not suggest that defendants were aware that Plaintiff suffered from any medical condition posing a risk of serious harm. Even assuming defendants failed to provide treatment or failed to make the right diagnosis, malpractice is not enough to establish an Eighth Amendment claim for medical indifference.

Dkt. No. 9 at 9.

The Court also dismissed Plaintiff's Eighth Amendment claims stemming from the

decision to change his medication after his hospitalization. *See id.* at 9. The Court held:

> While Plaintiff may have preferred different medication, he admits that pain medication was available to him. The decision by a health care provider to prescribe one form of pain medication instead of another does not constitute deliberate indifference to an inmate's medical needs. *Hill*, 657 F.3d at 123 (internal quotation marks omitted) (inmate's claim that he needed stronger pain medication than the Motrin he was given did not state a claim for deliberate indifference).

*Id.* at 9-10.

The Court has reviewed the Amended Complaint and finds that these claims suffer from the same infirmities as the original pleading. Construing the allegations liberally, Plaintiff alleges that the defendants were deliberately indifferent to his medical needs because they treated another inmate for similar complaints, while allowing him to remain untreated. However, Plaintiff concedes that he was admitted to the infirmary for abdominal pain and the exhibits annexed to the Amended Complaint suggest that Plaintiff underwent various testing, including blood and urine tests, while confined at Eastern C.F. Plaintiff repeats his claim that he was "continually" denied medical attention without dates or facts related to his requests for treatments or defendants' response thereto. While Plaintiff suggests that he was not properly diagnosed and accuses defendants of being unprofessional, as discussed in the October Order, these claims do not amount to a constitutional violation.

Additionally, Plaintiff's assertion that he should have been given different medication is a disagreement over the course of treatment. "[M]ere disagreement over the proper treatment does not create a constitutional claim." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Although Plaintiff claims that the defendants ignored and overruled the

10

hospital treatment plan, an inmate is not entitled to the treatment of his choice. *See id*. at 702. Defendants' unwillingness to prescribe preferred medication does not create an Eighth Amendment claim. *See Ifill v. Weinstock*, No. 06-CV-312, 2012 WL 162405, *4 (W.D.N.Y. January 19, 2012); *Guarneri v. Wood*, No. 08-CV-792 (TJM/DRH), 2011 WL 4592209, at *13 (N.D.N.Y. September 2, 2011) ("Defendants regularly offered [the plaintiff] non-narcotic pain medication . . . . [The plaintiff]'s complaints about the type of medication given to him for pain again amounts to a disagreement over treatment, which is insufficient to allege a constitutional violation.").

In this case, Plaintiff was seen by defendants for complaints related abdominal and kidney pain. Plaintiff received medication, medical advice, diagnostic x-rays, blood tests, urine tests, and hospital care. Even granting Plaintiff the benefit of every favorable inference, it cannot be said that this medical care was inadequate or evinces deliberate indifference on the part of the defendants. Accordingly, the facts in the Amended Complaint do not cure the deficiencies in Plaintiff's attempt to plead culpable conduct.

For the reasons set forth herein and in the October Order, Plaintiff's Eighth Amendment claims related to abdominal and kidney pain are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

**D.   ADA Claim**

The law related to the ADA was discussed in the October Order and will not be restated herein. *See* Dkt. No. 9 at 12-13. In the October Order, the Court held that Plaintiff failed to allege that he suffered from a disability or that he was denied participation in Eastern

C.F.'s services or programs. *See id.* at 13. Despite being given the opportunity to amend the Complaint, Plaintiff has failed to cure the deficiencies in this claim. For the reasons set forth in the October Order, Plaintiff's ADA claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### E. Equal Protection

The law related to Equal Protection was discussed in the October Order and will not be restated herein. *See* Dkt. No. 9 at 11-12. In the October Order, the Court dismissed these claims because Plaintiff failed to allege how he was treated any differently than a similarly situated inmate. *See id.* at 11. In the Amended Complaint, Plaintiff summarily states that Morris violated his Fourteenth Amendment right to Equal Protection when she denied him reasonable accommodations. *See* Am. Compl. at 7-8.

As discussed above, Plaintiff has failed to allege facts suggesting that he suffered from a disability related to his knee or that he was denied a reasonable accommodation. Additionally, Courts in this Circuit have held that the, "[f]ailure to provide a reasonable accommodation cannot form the basis of an Equal Protection claim." *O'Leary v. Town of Huntington*, No. 11–CV–3754, 2012 WL 3842567, at *14 (E.D.N.Y. Sept. 5, 2012). Consequently, Plaintiff's Equal Protection claim against Morris is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted.

### VI. CONCLUSION

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the amended complaint (Dkt. No. 12) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, without leave to replead; and it is further

**ORDERED** that the Clerk is directed to close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

February 2, 2018
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge